IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DANIEL ROBERT SANDERS,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CHRISTINE WORMUTH, SECRETARY, DEPARTMENT OF THE ARMY;<br><br>　　　　　Defendant. | CIV. NO. 23-00277 HG-RT<br><br>FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT AND DENY APPLICATION TO PROCEED IN FORMA PAUPERIS |

**FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT AND DENY APPLICATION TO PROCEED IN FORMA PAUPERIS**

Before the Court is Plaintiff Daniel Robert Sanders' ("Plaintiff") *Application to Proceed in District Court without Prepaying Fees or Costs* ("*Application*"), filed on July 5, 2023. ECF No. 2. The Court elects to decide the *Application* without a hearing pursuant to Rule 7.1(c) of the *Local Rules of Practice for the United States District Court for the District of Hawaii* ("Local Rules" or "LR").

After careful consideration of the *Application*, *Complaint for a Civil Case* ("*Complaint*") (ECF No. 1) and applicable law, the Court **FINDS** that the *Complaint* fails to state a claim and **RECOMMENDS** that the *Complaint* be

**DISMISSED WITHOUT PREJUDICE** with leave to amend. The Court further **RECOMMENDS** that the *Application* be **DENIED WITHOUT PREJUDICE**.

## DISCUSSION

Plaintiff is proceeding pro se and is requesting to proceed in forma pauperis. When a plaintiff seeks to proceed in forma pauperis, the Court must conduct a mandatory screening of the complaint pursuant to 28 U.S.C. § 1915(e). A court may deny the application at the outset and dismiss the complaint if it determines during the screening that the complaint "fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). During screening, the Court must accept as true the allegations in the complaint. *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976) (citation omitted). However, the Court is required by the Ninth Circuit to construe the pleadings filed by pro se litigants liberally. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citations omitted); *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) (citations omitted).

## DISCUSSION

### A. The *Complaint* Fails to State a Claim on which Relief May be Granted

The Court first turns to the screening of the *Complaint*. When determining whether a complaint fails to state a claim, the Court must apply Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 8's pleading standard the same way the Court

applies the standard in the context of a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Fed. R. Civ. P. 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "The Federal Rules require that averments 'be simple, concise, and direct.'" *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).

Fed. R. Civ. P. 8 does not demand "detailed factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). Nevertheless, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citation omitted). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

At the outset, the Court notes that even construing the *Complaint* liberally, the Court cannot clearly discern the facts of the case, the claims being asserted, and how the facts support the claims alleged. Plaintiff names one defendant, Christine Wormuth, Secretary, Department of the Army ("Defendant"). The *Complaint*

alleges that Plaintiff was employed by the Department of the Army ("Army") and that Plaintiff was issued "broken and De-mil equipment" on May 12, 2019. ECF No. 1-2 at PageID.8. The Court notes that Plaintiff does not define "De-mil equipment." Plaintiff alleges that on May 31,[1] the Army began a "formal investigation" against Plaintiff at the request of an individual named Les Ake. *Id.* Plaintiff also alleges that an individual named Scot Yamasaki submitted an "OSHA Silica Dust Remediation documentation[,]" that Plaintiff alleges was "false and misleading documentation in order to . . . influence the outcome of an investigation and termination" of Plaintiff. *Id.* at 7. Plaintiff claims that the "union shop steward Wayne Shirai" was unaware of the formal investigation. *Id.* at 8.

The *Complaint* alleges that Defendant committed federal felonies and also violated Plaintiff's "rights" and "federal laws and statutes." *Id.* at 7. Plaintiff vaguely refers to the violation of "OSHA CFR 1910.334[,]" Fed. R. Civ. P. 26, claims of hostile work environment, and religious discrimination based on "forced religious proselytization." ECF No. 1-2 at PageID.8-9. The *Complaint* fails to state any viable claims as required by Rule 8 in several ways. First, Plaintiff alleges a felony violation, which is a criminal offense. A civil complaint cannot

---

[1] Plaintiff fails to indicate the year in which the "formal investigation" occurred. The timeframe is likely 2019 due to Plaintiff's allegation that 2019 was the year in which he was issued broken equipment, but the Court cannot be certain of this year. It is Plaintiff's responsibility to clearly indicate any dates, including the year.

4

state a criminal violation. *DeAlcantara v. Shigemura*, Civ. No. 16-00586 JMS-KSC, 2016 WL 6518618, at *2 (D. Haw. 2016); *see Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Further, Plaintiff is unable to bring a criminal case. *See id.* at *2 ("[F]ederal criminal law [can] be enforced only by a federal prosecutor, not by any private party") (citation omitted).

Second, Plaintiff alleges that "[o]n or about May 12th Army Attorney Natasha Lodholz provided [Plaintiff] with material evidence he had been denied by Army Attorney Dawn Dobbs ESQ SJA Schofierld [sic] Barracks, Hawaii." ECF No. 1-2 at PageID.9.  After liberally construing the *Complaint*, the Court finds that it appears that this fact is alleged in support of the claim that Defendant violated Fed. R. Civ. P. 26.  Plaintiff fails to indicate the year of the May 12th date.  Nevertheless, based on all facts alleged in the *Complaint*, regardless of the year, it is not possible for the Defendant or any individual named in the *Complaint* to have violated Rule 26.  Since this case commenced on July 5, 2023 and the current date is August 28, 2023, it is not possible that Defendant violated Rule 26 on May 12th regardless of the year.  Moreover, Rule 26 and the *Local Rules* require a conference of the parties to discuss a discovery plan prior to the service of discovery requests, and the parties have not yet complied.  Fed. R. Civ. P. 26(f); LR26.1.  Accordingly, the May 12th date, despite the unknown year, preceded

5

even the commencement of this case and thus Plaintiff fails to state a claim under Fed. R. Civ. P. 26.

Third, Plaintiff's remaining claims are vague, generalized, and conclusory. In particular, Plaintiff generally alleges that Defendant violated federal law and statutes, and vaguely refers to hostile work environment and religious discrimination claims without stating any supporting facts. The *Complaint* is thus insufficient and fails to state a plausible claim upon which relief can be granted.

### B. The Complaint Should be Dismissed Without Prejudice

Despite the foregoing deficiencies, Plaintiff is proceeding pro se and the deficiencies could potentially be cured by amendment. *See Tripati v. First Nat. Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987) ("pro se plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations marks omitted) (citations omitted). The Court thus recommends that the *Complaint* be dismissed without prejudice and that Plaintiff be permitted leave to file an amended complaint.

If the *Complaint* is dismissed and Plaintiff elects to amend, Plaintiff shall title the amended pleading "First Amended Complaint" and must address the deficiencies noted in this *Findings and Recommendation* and/or in the district court's order, as directed by the district court. The Court recommends that this be

Plaintiff's **final** opportunity to amend, due to the lack of information in the *Complaint*. Thus, failure to cure the deficiencies identified in the district court's order or failure to timely file an amended pleading that conforms with the district court's order should result in dismissal of this action without leave to amend. Plaintiff is reminded that if a first amended complaint is filed, the original pleading may not be incorporated into the amended pleading and shall no longer serve any function in this case. The Court reminds Plaintiff to state all claims clearly and concisely, but with enough factual allegations to determine from the face of the first amended complaint that Plaintiff has stated a claim upon which relief can be granted.

### C. The Application Should be Denied Without Prejudice

The *Application* should be denied based on this Court's finding that the *Complaint* fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2); *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (citation omitted). However, the Court notes that even if the *Application* was considered, the Court would nevertheless deny the *Application* based on the financial information provided. Plaintiff "'need not be absolutely destitute to obtain benefits of the in forma pauperis statute.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). However, Plaintiff "must allege poverty 'with some particularity,

definiteness[,] and certainty[,]'" and Plaintiff failed to do so. *See id*. (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).

The *Application* requires Plaintiff to disclose dependents who rely on him for support, and Plaintiff has only indicated that his wife, Christy Sanders, who contributes "monthly expenses such as food and transportation, gas and vehicle expenses[,]" is a member of his household and a dependent. ECF No. 2 at PageID.64. Thus, based on the information provided, there are two people in Plaintiff's household – Plaintiff and his wife. Plaintiff claims to receive disability benefits of $3,823.89 per month or $45,886.68 ($3,823.89 x 12 = $45,886.68) annually. ECF No. 2 at PageID.63. Plaintiff's income exceeds the 2023 poverty guidelines provided by the U.S. Department of Health and Human Services for Hawaii for persons with a household of two members. *See* https://www.federalregister.gov/documents/2023/01/19/2023-00885/annual-update-of-the-hhs-poverty-guidelines (last visited August 28, 2023).[2] Although it

---

[2] Below is a chart depicting the 2023 Poverty Guidelines for Hawaii:

| 2023 Poverty Guidelines for Hawaii | |
|---|---|
| ***Persons in Household*** | ***Poverty Guideline*** |
| 1 | $16,770.00 |
| 2 | $22,680.00 |
| 3 | $28,590.00 |
| 4 | $34,500.00 |
| 5 | $40,410.00 |

8

is not clear due to grammatical errors in the *Application*, it appears that Plaintiff's wife contributes money toward Plaintiff's monthly expenses. If she does, her contributions constitute income from "other sources" which should have been (but was not) disclosed in the *Application*. *See* ECF No. 2 at PageID.63, ¶ 3. Thus, Plaintiff's income may be larger than what he has disclosed.

Plaintiff also discloses that his total monthly expenses are $1,535.50, which means that Plaintiff's disposable income after he has paid his monthly expenses are at least $2,288.39 (plus any income received from his wife). *Id.* at 64. Plaintiff has attached a document titled Mo*nthly Conservice Statement for Kapilina Beach Homes* to his *Application*, but does not explain this document or indicate in the *Application* whether he pays a portion or all of the expenses listed in this document. *Id.* at 65-66. It is Plaintiff's responsibility to clearly disclose his income and expenses so that the court may make a determination regarding Plaintiff's *Application*. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation omitted). Based on the information Plaintiff provided, because Plaintiff's income exceeds the poverty guideline for his household and his monthly

---

*See* https://www.federalregister.gov/documents/2023/01/19/2023-00885/annual-update-of-the-hhs-poverty-guidelines (last visited August 28, 2023).

disposable income appears to be approximately 60% of his monthly income,[3] the Court finds that the *Application* should be denied.

Plaintiff may not submit another application until the district court rules on this *Findings and Recommendation to Dismiss Complaint and Deny Application to Proceed In Forma Pauperis* and permits him to do so. If the district court grants Plaintiff leave to file an amended complaint and Plaintiff elects to do so, Plaintiff is required to pay the filing fees or submit another application to proceed in forma pauperis. If Plaintiff submits another application, Plaintiff should provide the monetary value of any assets or liabilities and only list those assets Plaintiff owns and only those liabilities to which Plaintiff has a financial obligation. Plaintiff is reminded of his obligation to be forthright, honest, and clear about his financial information.

### D. Ex Parte Communication is Prohibited

Plaintiff is reminded that correspondence to or communication with the Court and the Court's staff, unless permitted under the rules or directed by the Court, is not permitted. On August 24, 2023, Plaintiff attempted to contact this Court's courtroom manager and left a lengthy voicemail in attempt to address the merits of this case and to seek assistance with a request to the Court. Plaintiff is

---

[3] $2,288.39 (monthly disposable income) ÷ $3,823.89 (total monthly income) = 59.84%.

reminded that ex parte communication is not permitted. "Self-represented litigants must not informally communicate with the presiding judge or chambers staff by letter, telephone, or electronic means." LR81.1(f). Plaintiff is also reminded that he must "abide by all local, federal, and other applicable rules and/or statutes." LR81.1(a).

## CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that the district court **DISMISS** the *Complaint* without prejudice and **DENY** the *Application*. The Court **RECOMMENDS** that Plaintiff be **GRANTED** leave to amend. If the district court dismisses and grants Plaintiff leave to amend the *Complaint*, Plaintiff must timely file a first amended complaint by the deadline set by the district court. If the district court permits, Plaintiff must also either pay the required filing fee or file another application. Failure to meet the requirements and deadlines set forth by the district court shall result in an automatic dismissal.

//

//

//

//

//

//

IT IS SO FOUND AND RECOMMENDED.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, August 28, 2023.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 23-00277 HG-RT; *Daniel Robert Sanders vs. Christine Wormuth, Secretary, Department of the Army*; Findings and Recommendation to Dismiss Complaint and Deny Application to Proceed In Forma Pauperis