IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DANIEL ROBERT SANDERS, | ) CIV. NO. 23-00277 HG-RT |
| Plaintiff, | ) |
| vs. | ) |
| CHRISTINE WORMUTH, Secretary, Department of the Army, | ) |
| Defendant. | ) |

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE (ECF No. 1)**

**and**

**DENYING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (ECF No. 2)**

On July 5, 2023, Plaintiff Daniel Robert Sanders, proceeding pro se, filed a Complaint naming Christine Wormuth, Secretary Department of the Army, as the Defendant.

Also on July 5, 2023, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs. (ECF No. 2).

On August 28, 2023, the Magistrate Judge issued a FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT AND DENY APPLICATION TO PROCEED IN FORMA PAUPERIS. (ECF No. 4).

No objections were filed by any party.

The Court construes Plaintiff's Complaint liberally as he is

1

proceeding pro se.  Eldrige v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

The Court agrees with the reasoning in the August 28, 2023 Findings and Recommendation, but it declines to grant leave to amend.

Even construing Plaintiff's Complaint liberally, the basis for the action is entirely unclear.  The Complaint is deficient and does not plausibly state a claim for which relief may be granted.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp v. Twombly, 550 U.S. 544, 570 (2007).

The Complaint is generally indecipherable.  It contains unintelligible pleadings including alleged violations of federal criminal laws.  Plaintiff does not have standing to bring federal criminal charges.  Daniels v. Novant Health, Inc., 2023 WL 3434933, *2 (D. Haw. May 12, 2023).

To the extent Plaintiff is attempting to the sue the United States of America for a tort claim, the Complaint does not assert that Plaintiff exhausted his administrative remedies pursuant to the Federal Tort Claims Act.  Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980).

To the extent Plaintiff is attempting to bring an employment action, the Complaint does not demonstrate that Plaintiff exhausted his administrated remedies prior to bringing such a claim.  Kraus v. Presidio Trust Facilities Div., 572 F.3d 1039, 1043 (9th Cir. 2009).

Plaintiff's incomprehensible pleading does not warrant leave to amend. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986) (no opportunity to amend is required where amendment would clearly be futile).

The Court need not reach the merits of Plaintiff's Application to Proceed In Forma Pauperis and it is denied as moot because the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e).

## CONCLUSION

Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

Plaintiff's Application to Proceed In Forma Pauperis (ECF No. 2) is **DENIED AS MOOT.**

The Clerk of Court is **DIRECTED** to **CLOSE THE CASE.**

No additional filings may be made in this case without leave of Court except for a Notice of Appeal.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 21, 2023.

Helen Gillmor
United States District Judge

Daniel Robert Sanders v. Christine Wormuth, Secretary, Department of the Army, Civ. No. 23-00277 HG-RT; **ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE (ECF No. 1) and DENYING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (ECF No. 2)**

3